**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4534**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR JERMAIN SIMMONS, a/k/a Melvin Davis, a/k/a Arthur Germain Simmons, a/k/a Arthur Germaine Simmons, a/k/a Arther Simmons, a/k/a Arthur German Simmons, a/k/a Arthur Jermaine Simmons,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:08-cr-00688-PMD-1)

_____

Submitted: February 7, 2011      Decided: March 17, 2011

_____

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Stephanie A. Gallagher, LEVIN & GALLAGHER LLC, Baltimore, Maryland, for Appellant. William N. Nettles, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Jermain Simmons pled guilty to armed bank robbery (Count 2), in violation of 18 U.S.C. § 2113(a), (d) (2006), using and carrying a firearm during and in relation to a crime of violence (Count 3), in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm and ammunition by a felon (Count 4), in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Simmons as a career offender to concurrent terms of 202 months and 120 months on Counts 2 and 4, respectively, and a consecutive 60-month term on Count 3, totaling 262 months' imprisonment.

On appeal, counsel contends that the district court erred in finding that Simmons's convictions under South Carolina's blue light statute were crimes of violence for career offender purposes. Counsel also asserts that the district court erred in alternatively finding that Simmons is a de facto career offender. In light of this court's decision in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), the Government concedes that Simmons's South Carolina convictions are not crimes of violence. However, the Government argues that the district court did not plainly err in alternatively finding that Simmons is a de facto career offender. The Government also contends that the facts surrounding the convictions, Simmons's

2

recidivism, and his thirty-three criminal history points support an upward departure.

Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Mendoza-Mendoza, 597 F.3d at 216

Because counsel preserved her procedural challenge to the sentence by objecting to Simmons's classification as a career offender, this court's review is for an abuse of discretion. See Lynn, 592 F.3d at 581, 583-84. If the district court procedurally erred and, thus, abused its discretion, this court must reverse unless the error is harmless. Id. at 581, 585.

In Rivers, decided after the district court imposed sentence upon Simmons, this court determined that "under no circumstance is a violation of South Carolina's blue light statute a violent felony." 595 F.3d at 560. Since Simmons's South Carolina convictions can no longer be considered predicate offenses under the career offender guideline provision, and he has no other qualifying convictions, Simmons is no longer a career offender under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2008). Therefore, the district court procedurally erred in finding that § 4B1.1 applied.

The Government argues, however, that there is no error because the district court alternatively found that Simmons is a de facto career offender. The district court's finding to this effect conflicts with circuit precedent. "For an upward departure to de facto career offender status to be permissible, 'the defendant has to have been convicted of two prior crimes each of which constitutes [a career offender predicate

4

offense.]'" United States v. Myers, 589 F.3d 117, 126 (4th Cir. 2009) (alterations in original) (quoting United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995)), cert. denied, 130 S. Ct. 3306 (2010). Indeed, "[u]nder [the] de facto career offender method, the district court must conclude that the defendant's underlying past criminal conduct demonstrates that the defendant would be sentenced as a career offender but for the fact that one or both of the prior predicate convictions may not be counted." Harrison, 58 F.3d at 118 (internal quotation marks omitted).

Simmons cannot be a de facto career offender because, after Rivers, none of his prior convictions had the potential to be counted as predicate offenses under § 4B1.1. See id. ("At a minimum, the defendant has to have been convicted of two prior crimes each of which constitutes either a crime of violence or a controlled substance offense."). Although there may be alternative bases in the record to support an upward departure or variance, the district court did not adopt these bases as its rationale for the sentence imposed, and they may not be considered by this court. See Carter, 564 F.3d at 329-30 ("[A]n appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence.").

Accordingly, we vacate the sentence and remand for resentencing in light of our holding. We, of course, indicate no view as to the appropriate sentence to be imposed upon Simmons, leaving that determination, in the first instance, to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
